UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BLANCO VASQUEZ; et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTRYWIDE HOME LOANS, INC; et al., <br><br> Defendants. | 3:12-cv-0124-LRH-WGC <br><br> ORDER |

Before the court is defendants Countrywide Home Loans, Inc. ("Countrywide"); Mortgage Electronic Registration Systems, Inc. (MERS); and ReconTrust Company, N.A.'s (ReconTrust) motion to dismiss. Doc. #6. Plaintiffs Blanco Vasquez and Omar Vasquez-Solis (collectively "plaintiffs") did not file an opposition.

In June 2005, plaintiffs refinanced real property through a mortgage note and deed of trust originated by defendant Countrywide. Eventually, plaintiffs defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings. Subsequently, plaintiffs filed a complaint against defendants for wrongful foreclosure. Doc. #1, Exhibit A. Thereafter, defendants filed the present motion to dismiss, which plaintiffs did not oppose.

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), plaintiffs' failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.

1995). Before dismissing a case, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of cases on the court's docket is strong. Defendants have an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to plaintiffs because they have shown an unwillingness to continue litigating this complaint which weighs in favor of granting the motion. Additionally, although public policy favors a resolution on the merits, the court finds that dismissal is warranted in light of these other considerations. Therefore, the court shall grant defendants' motion to dismiss and dismiss plaintiffs' complaint in its entirety.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #6) is GRANTED. Plaintiffs' complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

IT IS SO ORDERED.

DATED this 29th day of October, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE